IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **BRIAN DENARE ASKEW,** **#220144,** | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 3:24-cv-370-RAH-CWB ) |
| **CHARLES MCKEE, et al.,** | ) ) |
| Respondents. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Brian Denare Askew is a state inmate who filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). The court denied Askew's request for *in forma pauperis* status, however, and directed Askew to remit the $5.00 filing fee by July 11, 2024. (Doc. 7). The court subsequently extended the deadline through July 25, 2024 (Doc. 9), but Askew has neither paid the fee nor sought a further extension—despite the court's admonition that a failure to do so could result in a recommendation of dismissal (*see* Doc. 7).

The Magistrate Judge finds that Askew's failure to comply with the court's directive or otherwise respond by the extended deadline constitutes a clear record of delay and/or willful contempt; and the Magistrate Judge further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.,* where Askew failed to take action after being afforded additional time and after being warned about the potential for a dismissal. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (stating that

1

"[t]he district court possesses the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (observing that dismissal for failure to obey an order generally is not an abuse of discretion where the litigant has been forewarned). Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that objections to this Recommendation must be filed no later than **August 23, 2024**. An objecting party must identify the specific portions of all factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be taken only as to an appealable Order entered by the District Judge.

**DONE** this the 9th day of August 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**